# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7730 | **DATE** | December 8, 2010 |
| **CASE TITLE** | Kenneth Smith (#B-32032) vs. John Doe #1, et al. | | |

**DOCKET ENTRY TEXT:**

The Plaintiff is granted thirty days in which to: (1) either file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee; and (2) submit a complaint (and a judge's copy and service copies). The clerk is directed to send the Plaintiff an IFP application, a civil rights complaint form, and instructions along with a copy of this order. Failure of the Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The Plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The Plaintiff, a state prisoner, mailed a request to the U.S. District Court for the Central District of Illinois to launch an investigation concerning the Illinois Department of Corrections' implementation of a soy-based diet. The Central District judge construed the letter as a *pro se* civil rights complaint under 42 U.S.C. § 1983 and transferred the case to this court because the Plaintiff is incarcerated at Stateville, a facility situated in the Northern District of Illinois federal judicial district.

The Plaintiff is advised that the court cannot order civil or criminal investigations. The constitutional separation of powers precludes the judicial branch from exercising such powers. Only a prosecutor may "assume an inquisitorial role" in criminal matters. *See, e.g., In the Matter of the United States*, 398 F.3d 615, 618 (7th Cir. 2005). If the Plaintiff wants someone to "look into this situation," then he must contact the appropriate agency or agencies.

If, instead, the Plaintiff is seeking declaratory or injunctive relief or damages–matters within the federal court's purview–then he must begin with a complaint. Although the Plaintiff's filings have been assigned a case number, the court cannot consider whether the Plaintiff is entitled to relief unless he first files a civil complaint, complies with the filing requirements under Fed. R. Civ. P. 8 and the 1996 Prisoner Litigation Reform Act, and **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

obtains proper formal service of his complaint on the appropriate defendant(s). *See, e.g., Belk v. Federal Bureau of Prisons*, No. 07 C 0301, 2007 WL 5497188, *1 (W.D. Wis. Jun. 4, 2007) (Crabb, J.).

As an additional concern, the Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis* ("IFP"). The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the Plaintiff's trust fund account. Thereafter, correctional authorities having custody of the Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an IFP application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from June 3, 2010, through December 3, 2010].

It is also possible that the Plaintiff did not intend to initiate a lawsuit; this court interprets the Plaintiff differently than did the court's colleague in the Central District. If the Plaintiff advises the court that he does not wish to pursue a civil rights action, the case will be dismissed without a filing fee being assessed.

If the Plaintiff does wish to proceed with this matter as a civil rights action, he must: (1) either pay the statutory filing fee or file a properly completed application for leave to proceed IFP; and (2) submit a complaint, plus judge's and service copies. The clerk will furnish the Plaintiff with the necessary forms along with a copy of this order. Failure of the Plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case, on the understanding that the Plaintiff did not intend to initiate a lawsuit.

The Plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.